# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CLARENCE LEWIS, # R-46084, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 20 C 5460 |
| ) | |
| SONJA NICKLAUS, Warden, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Clarence Lewis, who is imprisoned at Dixon Correctional Center, has filed a habeas corpus petition under 28 U.S.C. § 2254. Sonja Nicklaus, Dixon's warden, has moved to dismiss Lewis's petition on the ground that it is time-barred. For the reasons stated below, the Court grants Nicklaus's motion.

## Background

On May 30, 2012, following a negotiated plea bargain, Lewis pled guilty to a charge of first degree murder, and a judge of the Circuit Court of Cook County sentenced him to twenty years in prison. At the time of the plea, Lewis's counsel informed the judge that despite an evaluation of Lewis's fitness earlier in the case, she still had questions regarding his understanding of the charges against him. The judge ordered another fitness evaluation. The evaluation took place on May 21, 2012 and resulted in a finding that Lewis was fit to stand trial, as he demonstrated the ability to understand the charge against him and to assist counsel in his defense, and he did not

suffer from any psychiatric, cognitive, or mental impairment that would preclude him from doing so. The report from the evaluation further stated that Lewis was not suffering any major side effects from his prescribed medications Depakote (a mood stabilizer) and Trazodone (a sleep aid) and that these medications would not impair his fitness.

At the next hearing, Lewis's counsel stipulated to the fitness report, and the judge asked counsel if she had any reservations regarding Lewis's fitness to stand trial or plead guilty. Counsel responded to that she did not. The judge likewise concluded that he had no doubt regarding Lewis's fitness based on his interactions with Lewis over the course of the case. The judge then asked Lewis if he understood the first-degree murder charge against him. Lewis affirmed that he did, and he pled guilty to the charge.

After advising Lewis of the rights he waived by pleading guilty, the judge informed him that he would have to serve 100 percent of any sentence imposed for first-degree murder. Lewis stated that he understood. Lewis stated his guilty plea was made freely and voluntarily, and he stated that he understood everything the judge said despite the medication he was taking. After the prosecutor recited the factual basis for Lewis's guilty plea, the judge found that Lewis understood the nature of the charges and the penalties under the law and that the guilty plea was made freely and voluntarily. The judge then sentenced Lewis to a twenty-year prison term as provided in the parties' plea agreement. Finally, the judge informed Lewis of his rights to appeal his sentence within thirty days, which Lewis affirmed he understood.

Lewis did not appeal his sentence or attempt to withdraw his guilty plea. On November 6, 2013, roughly eighteen months later, Lewis filed a motion seeking copies

of his trial transcripts and the common law record. The trial judge denied the motion. On December 30, 2013, Lewis filed a motion in the Illinois Appellate Court asking to file a late notice of appeal. The court denied the motion on June 6, 2014. In July 2015, Lewis filed a *pro se* motion before the trial court seeking a copy of the transcript of proceedings, stating that this was essential for him to proceed with a post-conviction petition. The court granted this motion on August 6, 2015.

Nearly two years later, in May 2017, Lewis filed a *pro se* motion to reduce his sentence, which the court later recharacterized as a post-conviction petition. In the motion, Lewis contended that his trial counsel erroneously told him that he would only serve fifty percent of his sentence and that he pled guilty based on this understanding. Lewis also contended that at the time of his guilty plea hearing, he had been assigned a new judge and counsel; his counsel instructed him what to say; and he did not understand the court proceedings due to his lack of education.

On November 30, 2017, the court dismissed Lewis's post-conviction petition, finding it frivolous and lacking in merit. On appeal, Lewis's appointed counsel moved to withdraw from the case stating that the appeal lacked merit. The Illinois Appellate Court granted the motion and affirmed the dismissal of Lewis's post-conviction petition. The Illinois Supreme Court denied Lewis's *pro se* petition for leave to appeal on January 29, 2020.

Lewis filed the present petition for a writ of habeas corpus on September 15, 2020. In the habeas corpus petition, Lewis claims that: (1) based on representations by his counsel, his understanding of his sentence was that he would serve only fifty percent of it, not 100 percent; (2) he suffers from mental illness and was under the

3

influence of mental health medication at the time of his guilty plea hearing; and (3) due to a learning disability and lack of education, he did not understand or comprehend his sentencing. As indicated earlier, warden Nicklaus has moved to dismiss, arguing that Lewis's petition is untimely.

## Discussion

Under 28 U.S.C. § 2244(d)(1), there is a one-year period of limitations for filing a habeas corpus petition. The one-year period runs from the latest of four possible dates: (A) the date on which the judgment became final due to the conclusion of, or expiration of the time for seeking, direct review, (B) the date on which a state obstruction to the filing was removed on constitutional grounds, (C) the date on which a constitutional right relied on was initially recognized by the Supreme Court, or (D) the date on which facts critical to the claim could have been discovered through the exercise of due diligence. *Id.* § 2244(d)(1)(A)-(D).

The one-year period may be temporarily paused under 28 U.S.C. § 2244(d)(2), which states that the time during which a state post-conviction or other collateral review pertinent to the judgment or claim is pending is not counted towards any period of limitations. Additionally, the limitations period may be tolled under the doctrine of equitable tolling. The Supreme Court ruled in *Holland v. Florida*, 560 U.S. 631 (2010), that a habeas corpus petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649.

The first question is when the one-year limitations period under 28 U.S.C. § 2244(d)(1) started to run. Because Lewis raises no issue regarding recognition of a

4

new constitutional right or a state-imposed obstruction that would have prevented him from filing during the one-year period, subparagraphs (B) and (C) do not apply. The Court will therefore assess the timeliness of Lewis's petition under the starting dates set out in subparagraphs (A) and (D).

Under 28 U.S.C. § 2244(d)(1)(A), the limitations period starts runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Lewis pled guilty on May 30, 2012. Under Illinois law, a defendant who pleads guilty has thirty days from the date of imposition of sentence to file a motion to withdraw the plea or a motion to reconsider the sentence. *See* Ill. Sup. Ct. R. 604(d). Lewis did not file a motion of either type. Thus the date on which his judgment became final, and from which he had one year to file a habeas corpus petition, was June 29, 2012, when the time to seek direct review expired. Though 28 U.S.C. § 2244(d)(2) may pause the running of the one-year period, Lewis did not file an application for post-conviction relief or other collateral review during the one-year period. Thus if 28 U.S.C. § 2244(d)(1)(A) applies, the time for Lewis to file a federal habeas corpus petition expired on June 29, 2013.

The only other possible date to start the limitations period is the one supplied by 28 U.S.C. § 2244(d)(1)(D), specifically, "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." An argument can be made that Lewis did not have the facts necessary to present his claim until he obtained his trial court transcripts. But if the statute of limitations began to run in August 2015, when Lewis received those transcripts, it would

5

have expired in August 2016 because he did not file a petition for post-conviction relief or other collateral review during the one-year period following August 2015.

Either way, because Lewis did not file his federal habeas corpus petition until September 15, 2020, he did not file it within the one-year limitations period under 28 U.S.C. § 2244(d)(1). Thus the only way his petition may be considered timely is if he is entitled to equitable tolling. To be entitled to equitable tolling, a habeas corpus petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. The doctrine is "reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing." *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014). The petitioner bears the burden of establishing his entitlement to equitable tolling. *See Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013).

In his response to Nicklaus's motion to dismiss, Lewis contends that he has "diligently pursued" furthering his education and has worked to overcome learning and mental disabilities. Dkt. no. 25 at 2. Though the Court has nothing but admiration for Lewis' efforts to take advantage of the rehabilitative resources available to him, this is not what the Supreme Court referred to in *Holland* when it discussed diligent pursuit of a habeas corpus petitioner's rights. Rather, the rights that must be diligently pursued are those *directly* aimed at getting a habeas corpus petition on file within the time for filing a 28 U.S.C. § 2254 petition. *See Socha*, 763 F.3d at 687.

In addition, Lewis has not shown diligence during the limitations period, that is, during the one-year period following the date on which his guilty plea became final. Based on the record before the Court, Lewis did not seek to withdraw his guilty plea or

appeal his sentencing.  The record does not reflect that Lewis took any action at all until roughly eighteen months after his guilty plea became final, when he filed a motion seeking the transcripts of the trial-court proceedings.  That, however, was after the limitations period had already run.

On the question of extraordinary circumstances, Lewis argues that he is entitled to equitable tolling because of a learning disability, poor education, and mental health and physical conditions.  He supports these arguments with medical records from 2017 regarding physical conditions including hepatitis C, COPD, diabetes, liver disease, heart disease, and others.  With regard to his mental health condition, Lewis has supplied records from 2009 that indicate he was diagnosed with depression, bipolar disorder, schizophrenia, and low intelligence.

First of all, Lewis's lack of education and his learning disability do not amount to an extraordinary circumstance that entitles him to equitable tolling on the record before the Court.  A petitioner's lack of familiarity with the law does not justify equitable tolling of the habeas corpus limitations period. *Taylor*, 724 F.3d at 811.  Similarly, and perhaps more to the point, even a learning disability does not amount to an extraordinary circumstance for equitable tolling if the record reflects that the petitioner was able to make *pro se* filings. *Jones v. Turner*, 449 F. App'x 701, 702 (9th Cir. 2011).  The petitioner in *Jones* contended that his "mental illness, low cognitive ability, and learning disability considered together are extraordinary circumstances that entitle him to equitable tolling." *Id.* at 702.  The Ninth Circuit determined that Jones' *pro se* filings during the limitations period undermined his argument. *Id*.  In this case, Lewis has demonstrated an ability to file numerous *pro se* motions (albeit after the limitations

7

period had run), and his timely filing of a *pro se* post-conviction petition undercuts his argument for equitable tolling, just as it did in *Jones*. In addition, Lewis has offered no evidence to support his statement that he suffers from a learning disability or any evidence regarding how his disability impaired him from filing during the limitations period. He has not cleared the extraordinary circumstances threshold.

Lewis's claimed mental disability and medical conditions are likewise insufficient, whether considered alone or together with his alleged learning disability. A habeas corpus petitioner's mental incompetence can satisfy the standard for equitable tolling. *Davis v. Humphreys*, 747 F.3d 497, 499 (7th Cir. 2014). The petitioner must show, however, that a mental disease or disorder prevented him "from managing his affairs and thus from understanding his legal rights and acting upon them." *Obriecht v. Foster*, 727 F.3d 744, 750-751 (7th Cir. 2013). In *Davis*, the Seventh Circuit concluded that a petitioner who could understand the charges against him and assist his counsel did not meet this standard. *Davis*, 747 F.3d at 500.

Lewis has not shown that he meets the standard for equitable tolling based on his claimed mental disorders. He has offered little or no evidence regarding the severity of these conditions or how they allegedly impacted his ability to file his petition within the limitations period; instead, he simply argues, without support, that they did. In contrast, the evidence of record, taken from Lewis's guilty plea and sentencing, reflects that he was able to understand the charges and assist his counsel and that he did not suffer from psychiatric, cognitive, or mental impairment that would preclude him from doing so. Specifically, this was shown by the updated fitness evaluation completed just prior to Lewis's sentencing. The report further stated that Lewis was not suffering any major

8

side effects from prescribed psychotropic medications and that these medications would not impair his fitness status.

In sum, the record does not establish any basis for equitable tolling based on Lewis's mental status during the relevant period. The Court concludes that Lewis's petition for a writ of habeas corpus was not timely filed.

Under 28 U.S.C. § 2253(c)(2), a petitioner may obtain a certificate of appealability only if he makes a substantial showing of the denial of a constitutional right. When, as in this case, a habeas corpus petition is dismissed on procedural grounds, a court should issue a certificate of appealability only if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case the Court's determination that Lewis's habeas corpus petition is time-barred is not fairly debatable.

**Conclusion**

For the reasons stated above, the Court grants respondent's motion to dismiss [dkt. no. 16] and directs the Clerk to enter judgment dismissing petitioner Clarence Lewis's habeas corpus petition. The Court denies petitioner's motion to dismiss respondent's motion to dismiss [dkt. no. 25]. The Court declines to issue a certificate of appealability.

Date: June 21, 2021

_____
MATTHEW F. KENNELLY
United States District Judge

9